ORIGINAL

FILED

2012 APR 20 P 2:25

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**GEARINGER LAW GROUP**

825 VAN NESS AVENUE, 4TH FLOOR
SAN FRANCISCO, CALIFORNIA 94109
Tel. (415) 440-3102

BRIAN GEARINGER (State Bar #146125)
R. STEPHEN M. LAROE (State Bar #245269)

**THE SCOTT LAW FIRM**

1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CALIFORNIA 94109
(415) 561-9601

E-filing

JOHN HOUSTON SCOTT (State Bar #72578)
LIZABETH N. de VRIES (State Bar #227215)
GORDON KAUPP (State Bar #226141)

Attorneys for Plaintiff DAVID DUTCHER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

## CV 12 1981 DMR

DAVID DUTHCER,

        Plaintiff,

        v.

DON LAWSON, SUSAN DUTCHER,
MARY NOLAN, CHRISTOPHER
BUTLER, SHARON TAYLOR, LATASHA
WALLACE, TAMMY SERRATORE and
DOES ONE to FIFTY, inclusive.

        Defendants.

Case No.

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND OTHER WRONGS**

**JURY TRIAL DEMANDED**

Date Action Filed: April 20, 2012
Trial Date: Not set.

Plaintiff David Dutcher ("Plaintiff") complains of Defendants, and each of them, and alleges that:

### I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction to grant the relief requested herein pursuant to the Civil Rights Acts, 42 U.S.C. §1983, *et seq*, the Judicial Code, 28 U.S.C. §§1331, 1343 and 2201, the

1  constitutions of the United States and State of California, Cal. Govt. Code §815.2, and California

2  common law.

3      2.    Venue in this Court is proper because the acts complained of occurred in the

4  Northern District of California, and all parties live, work or are situated in or around the County

5  of Contra Costa, California.

6  ## II.    PARTIES

7      3.    Plaintiff currently is a resident of Santa Clara County, California. At all relevant

8  times mentioned herein Plaintiff was a resident of Contra Costa County, California.

9      4.    Plaintiff is informed and believes and thereupon alleges that: Defendant Susan

10  Dutcher ("Ms. Dutcher") at all times mentioned herein was, (1) a resident of Brentwood in

11  Contra Costa County, California, (2) the wife of Plaintiff, (3) the mother of Plaintiff's three

12  children and (4) acted under color of state law.

13      5.    Plaintiff is informed and believes and thereupon alleges that: Defendant Mary

14  Nolan ("Attorney Nolan") is and at all times mentioned herein was an attorney licensed to

15  practice law in the State of California (State Bar No. 108907). Attorney Nolan was admitted to

16  practice law in the State of California on July 1, 1983. Attorney Nolan specialized in family law,

17  including representing married individuals who are in the process of obtaining a divorce.

18  Attorney Nolan was representing Ms. Dutcher in her divorce proceedings with Plaintiff.

19      6.    Plaintiff is informed and believes and thereupon alleges that: Defendant

20  Christopher Butler ("Private Investigator Butler") is, and at all times mentioned herein was, (1) a

21  resident of Concord, California, (2) a "Private Patrol Operator" licensed by the State of

22  California Bureau of Security and Investigative Services and (3) acted under color of state law.

23  Private Investigator Butler's license number 14798 was issued on February 26, 2003 and became

24  delinquent on February 28, 2011. Private Investigator Butler operated a business entitled

25  "Christopher B. Butler Investigations" doing business as "Butler & Associates Private

26  Investigations" in Walnut Creek, California. Private Investigator Butler was a sworn peace

27  officer of the City of Antioch Police Department. Private Investigator Butler has been indicted

28  by the United States for a variety of federal crimes.

7.      Plaintiff is informed and believes and thereupon alleges that: Defendant Sharon Taylor ("Ms. Taylor") is, and at all times mentioned herein was, (1) a resident of San Ramon, California, (2) an employee of Private Investigator Butler, (3) the agent and/or accomplice of Private Investigator Butler and (4) acted under color of state law.

8.      Plaintiff is informed and believes and thereupon alleges that: Defendant Latasha Wallace ("Ms. Wallace") is, and at all times mentioned herein was, (1) an employee of Private Investigator Butler, (2) the agent and/or accomplice of Private Investigator Butler and (3) acted under color of state law.

9.      Plaintiff is informed and believes and thereupon alleges that: Defendant Concord Police Department Officer Don Lawson ("Officer Lawson") was at all times mentioned herein (1) a sworn peace officer, (2) an employee of the Concord Police Department and (3) acted under color of state law. Officer Lawson is sued in both his official capacity and in his individual capacity. Further, Officer Lawson was hired in November 1983 and retired in July 2009 from the Concord Police Department. During his 26-year career with the Concord Police Department, Officer Lawson specialized in fraud and identity theft cases. Officer Lawson was the Officer of the Year for the Concord Police Department in 2002 and 2007.

10.     Plaintiff is informed and believes and thereupon alleges that: Defendant Tammy Serratore ("Ms. Serratore") is, and at all times mentioned herein was, (1) an employee of Attorney Nolan, (2) the agent and/or accomplice of Private Investigator Butler and (3) acted under color of state law.

11.     Plaintiff is ignorant of the true names and capacities of the defendants sued in this litigation as Does One through Fifty, inclusive and, as a result, sues these defendants by these fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these defendants once they have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named defendants (1) is in some manner responsible for the injuries and damages to Plaintiff alleged in this Complaint and (2) acted under color of state law.

/ / /

12.     Plaintiff is informed and believes and thereupon alleges that at all times relevant to this litigation, Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, were the agents, servants, and employees of their codefendants, and that these defendants, in doing the things mentioned in this Complaint, were acting within the course and scope of their authority as such agents, servants, and employees, and were acting with the permission and consent of their codefendants.

13.     The individual defendants carried out the actions complained of in their individual capacities, under color of state law, and/or in the course and scope of their employment as employees of the Concord Police Department. Defendants, and each of them, acted in concert, conspired and/or joined in a common goal to cause the harm and damages alleged below. Defendants, and each of them, are jointly and severally liable for any damage awards.

### III.     STATEMENT OF FACTS

#### A.     Ms. Dutcher Hires Private Investigator Butler to Have Plaintiff Arrested for Driving Under the Influence of Alcohol for $2,500

14.     Ms. Dutcher scheduled a meeting and came to Private Investigator Butler's office on Wednesday, December 3, 2008. Ms. Dutcher told Private Investigator Butler that Attorney Nolan had referred her to him.

15.     Plaintiff is informed and believes and thereupon alleges that: Prior to the meeting with Ms. Dutcher, Private Investigator Butler had succeeded in having Declan Woods arrested for driving under the influence of alcohol. Declan Woods was the husband of a client of Attorney Nolan. Attorney Nolan had paid Private Investigator Butler approximately $1,500 by check for his services in having Mr. Woods arrested. Attorney Nolan was "thrilled" when she learned that Private Investigator Butler had succeeded in having Mr. Woods arrested for driving under the influence of alcohol and videotaped Plaintiff's arrest.

16.     Plaintiff is informed and believes and thereupon alleges that: When Ms. Dutcher met with Private Investigator Butler, she knew about Butler's involvement in the arrest of Mr. Woods.

1     17.    Plaintiff is informed and believes and thereupon alleges that: Private Investigator
2    Butler confirmed with Ms. Dutcher that it was possible to have Plaintiff arrested for driving
3    under the influence by engineering a ruse in which co-conspirators of his would ply Plaintiff
4    with alcohol and then Butler would tip off a law enforcement official if Plaintiff attempted to
5    drive his vehicle following the ruse. Private Investigator Butler referred to this practice as a
6    "Dirty DUI."

7     18.    Ms. Dutcher confirmed during her meeting with Private Investigator Butler that
8    she specifically wanted Butler to attempt to have Plaintiff arrested for driving under the influence
9    of alcohol. Ms. Dutcher provided Private Investigator Butler with Plaintiff's personal
10   information, including his computer files, in order to facilitate contact by Private Investigator
11   Butler's decoy, Ms. Taylor, with Plaintiff through Match.com. Ms. Dutcher paid Private
12   Investigator Butler a $2,500 cash retainer for these services.

**B.    Private Investigator Butler Offers To Attempt To Setup Plaintiff for a**
**"Dirty DUI" And Ms. Dutcher Readily Agrees**

15    19.    Private Investigator Butler assigned Ms. Taylor to the Dutcher case, identified at
16   Butler & Associates Private Investigations as case number CB081203. Ms. Taylor created a
17   Match.com profile from which she could send Plaintiff a message. On Wednesday, December 3,
18   2008, Ms. Taylor sent Plaintiff an email message and received a response from Plaintiff that day.

19    20.    On Thursday, December 4, 2008 and on Friday, December 5, 2008, Ms. Taylor
20   and Plaintiff exchanged more emails.

21    21.    Plaintiff is informed and believes and thereupon alleges that: Either Private
22   Investigator Butler or Ms. Taylor or both showed the emails exchanges between Ms. Taylor and
23   Plaintiff to Ms. Dutcher. Ms. Dutcher became angry when she read the emails and expressed a
24   desire to have Plaintiff exposed.

25    22.    Ms. Dutcher told Private Investigator Butler that (1) she wanted Plaintiff to meet
26   Ms. Taylor in a bar and (2) she wanted the meeting videotaped.

27   / / /
28   / / /

23.     Ms. Dutcher stated that Plaintiff will try to ply Ms. Taylor with alcohol in an attempt to get her drunk and take advantage of Ms. Taylor. Ms. Dutcher further stated that Plaintiff frequently drinks and drives.

24.     Private Investigator Butler told Ms. Dutcher that he would assign a second female investigator to accompany Ms. Taylor in order to prevent Plaintiff from taking advantage of her. Private Investigator Butler further told Ms. Dutcher that if Butler or anyone on his team observed Plaintiff consuming alcohol and attempting to drive, then Butler would call the police and report him as a drunk driver.

### C.     The "Dirty DUI" Setup

25.     Ms. Taylor asked Plaintiff to meet her in Concord. On Thursday, December 11, 2008, Plaintiff drove to Concord and met with Ms. Taylor. Ms. Wallace joined them a couple hours later at E.J. Phair Brewing Alehouse located at 2151 Salvio Street, Concord, California. Ms. Taylor and Ms. Wallace failed in their attempt to persuade Plaintiff into drinking more than two beers at this initial meeting.

26.     On Friday, December 12, 2008, Ms. Taylor sent an email to Plaintiff that stated as follows:

> What a great time I had. I hope that E.J. Phair wasn't too loud. I hope it wasn't too invasive that I told Tash where I was and she just popped in. She is a fun, single girl and loves to show people her massage skills. I am learning some techniques from her.
>
> Thanks for walking me to my truck AND the kisses good night. Yummy. I like it when you were holding and caressing my hand. You have strong, large hands.... You know what they say! hee hee
>
> I can't wait to see you tonight. I will not be late.

27.     Later on Friday, December 12, 2008, Ms. Taylor and Plaintiff met again, this time for dinner. At approximately 8:30pm, Ms. Wallace called Ms. Taylor and asked both Ms. Taylor and Plaintiff to join her at the Old Spaghetti Factory restaurant located at 1955 Mt. Diablo Street, Concord, California.

28.     Plaintiff is informed and believes and thereupon alleges that: Ms. Taylor and Ms. Wallace were the agents and/or accomplices of Private Investigator Butler for the purposes of this contrived meeting with Plaintiff. Ms. Taylor and Ms. Wallace encouraged Plaintiff to consume alcohol. Ms. Wallace paid for all of the alcoholic beverages consumed by Plaintiff at this meeting. Plaintiff ended up consuming more alcohol than he otherwise would have knowingly consumed on this occasion. Unbeknownst to Plaintiff, the premise for the meeting was false. In fact, the meeting simply was a ruse to entrap Plaintiff with a "Dirty DUI."

29.     Private Investigator Butler observed Plaintiff drinking alcohol with Ms. Taylor and Ms. Wallace while he was sitting at a nearby table. Ms. Serratore was with Private Investigator Butler at this time and remained with him for the remainder of the evening. Private Investigator Butler paid Ms. Serratore a four-hour minimum to help him blend in while observing Plaintiff. Private Investigator Butler video recorded Plaintiff interacting with Ms. Taylor and Ms. Wallace for Ms. Dutcher.

30.     On Friday, December 12, 2008, at approximately 9:30pm, Plaintiff declined the further attempts by Ms. Taylor and Ms. Wallace to have him drink more alcohol. Ms. Taylor and Ms. Wallace asked Plaintiff to follow them to a house and to join them in a hot tub. Ms. Taylor reported to Private Investigator Butler that Plaintiff had agreed to follow them in his pickup truck.

31.     Private Investigator Butler knew that Officer Lawson was working that evening, so he called Officer Lawson on his cell phone. Officer Lawson answered and told Private Investigator Butler that he was working but was about to go off-duty.

32.     Plaintiff is informed and believes and thereupon alleges that: Private Investigator Butler grew up with Officer Lawson and they have been friends since boyhood.

33.     Private Investigator Butler told Officer Lawson that a subject that he was watching possibly had consumed too much alcohol and the subject may start driving a vehicle near Todos Santos Plaza. Officer Lawson responded that Private Investigator Butler should call him if the subject actually started driving.

///

34.     Private Investigator Butler observed Ms. Taylor and Ms. Wallace leaving the Old Spaghetti Factory restaurant and getting into Ms. Wallace's Saturn Sky (a two-seater). At the same time, Private Investigator Butler observed Plaintiff getting into a Ford pickup truck.

35.     As soon as Plaintiff started driving, Private Investigator Butler began following Plaintiff and called Officer Lawson. Private Investigator Butler gave Officer Lawson updates on Plaintiff's locations as Plaintiff was driving.

36.     On Friday, December 12, 2008, shortly after 10:00pm, Officer Lawson pulled Plaintiff's vehicle over – without probable cause and solely at the request of Private Investigator Butler – and arrested Plaintiff for driving under the influence of an alcoholic beverage. Officer Lawson failed to mention Private Investigator Butler in the police report that he prepared following his arrest of Plaintiff.

37.     Private Investigator Butler observed and videotaped Officer Lawson's traffic stop and subsequent arrest of Plaintiff for driving under the influence of an alcoholic beverage.

> **D.     Attorney Nolan Uses the Dirty DUI to Ms. Dutcher's Advantage in the Divorce Proceedings with Plaintiff**

38.     Plaintiff is informed and believes and thereupon alleges that: Officer Lawson provided the case number relating to his arrest of Plaintiff to Private Investigator Butler, who in turn provided the case number to Attorney Nolan.

39.     Plaintiff is informed and believes and thereupon alleges that: On or shortly after December 12, 2008, Private Investigator Butler informed Attorney Nolan that Officer Lawson had arrested Plaintiff for driving under the influence of alcohol and Butler also provided Attorney Nolan the case number to relating to Plaintiff's arrest.

40.     On January 19, 2009, a law clerk for Attorney Nolan prepared a subpoena to the to the Concord Police Department requesting documents relating to Plaintiff's December 12, 2008 arrest for driving under the influence of alcohol, including the case number 08-27459, and sent the subpoena to the Concord Police Department by facsimile. Attorney Nolan did not provide notice to Plaintiff of the subpoena for his personal records as required by law. Attorney Nolan charged $175 per hour for the time spent by the law clerk on this task.

41.     On February 4, 2009, a litigation case advisor once again sent the subpoena to the Concord Police Department by facsimile. Once again, Attorney Nolan did not provide notice to Plaintiff of the subpoena for his personal records as required by law. Attorney Nolan charged $275 per hour for the time spent by the litigation case advisor on this task.

42.     On February 4, 2009, the Concord Police Department did confirm to Attorney Nolan's office that Plaintiff has been arrested for driving under the influence of alcohol, but did not provide records of Plaintiff's December 12, 2008 arrest for driving under the influence of alcohol to Attorney Nolan in response to the illegal subpoena(s) issued by Attorney Nolan's office. Specifically, on February 4, 2009, the Concord Police Department wrote a letter to Attorney Nolan in pertinent part:

> I am writing in regards to a subpoena my office received on January 21, 2009, then again on February 4, 2009. The subpoena is asking for the production of records in regards to our case number 08-27459. Your client in this case appears to be Susan Dutcher.
>
> This case is a current, active investigation at our office, we are currently waiting for the District Attorney to review the case and determine if criminal charges will be filed or not. Therefore, at this time, I can not release any information.
>
> Also, your faxed subpoena did not include the proof of service to the other party involved in this case. All that it included was the subpoena and the declaration. This needs to be provided in the future in order to get any documents produced.

(A true copy of the February 4, 2009 letter from the Concord Police Department to Attorney Nolan is attached as Exhibit A.)

43.     On February 27, 2009, Ms. Dutcher filed a declaration in her then pending divorce proceedings with Plaintiff, entitled "Petitioner Susan Dutcher v. Respondent David Dutcher", Contra Costa County Superior Case Number D08-04232, that provided in pertinent part:

On February 23, 2009, I inadvertently discovered that Respondent was again arrested for Driving Under the Influence of Alcohol (DUI) on December 12, 2008.

...

Therefore, I request he be ordered supervised visitation pending completion of a full drug/alcohol/gambling rehabilitation program and provide proof of enrollment before supervised visits are to ensue.

44.     Attorney Nolan used her knowledge of Plaintiff's December 12, 2008 arrest for driving under the influence of alcohol to Ms. Dutcher's advantage in the divorce proceedings with Plaintiff and related child custody issues.

**E.     Plaintiff Lost His Parental Rights, His Driving Privileges and Was Prosecuted and Convicted as a Result of the Dirty DUI**

45.     On March 18, 2009, the California Department of Motor Vehicles suspended Plaintiff's license from March 27, 2009 through July 26, 2009. This prevented Plaintiff from driving the 65-mile (one way) distance from his home to his employment as an aerospace engineer at Lockheed Martin.

46.     On April 2, 2009, the Contra Costa County Superior Court (the "Court") restricted Plaintiff's custody rights with his children to "supervised", as demanded by Ms. Dutcher. In addition, the Court required Plaintiff to pay for and attend a lengthy substance abuse assessment.

47.     Plaintiff subsequently was prosecuted for and convicted of driving with a blood alcohol concentration of .08 or greater, pursuant to California Vehicle Code Section 23152(b), resulting from his December 12, 2008 arrest.

**F.     Plaintiff Learns of the Dirty DUI Arrest Tactic Following the February 2011 Arrest of Private Investigator Butler**

48.     On February 16, 2011, law enforcement officials arrested Private Investigator Butler on a variety of criminal charges.

49.     Sometime in March 2011, Plaintiff learned that Private Investigator Butler had been arrested. At that time, Plaintiff learned for the first time that he had been set up by

1  Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace,

2  Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, for a Dirty DUI

3  on December 12, 2008.

4       50.    Prior to March 2011, Plaintiff did not know and had no way of knowing that his

5  December 12, 2008 arrest for driving under the influence of alcohol was the result of a Dirty

6  DUI involving Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor,

7  Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them.

8            **G.**     **The Court Determines that Plaintiff is "Factually Innocent" of**

9                   **Driving with a Blood Alcohol Concentration .08 or Greater**

10       51.    On September 14, 2011, the Appellate Division of the Contra Costa Superior

11  Court issued an Alternative Writ of Mandate to the Superior Court of Contra Costa that provided

12  in pertinent part: "You are hereby commanded, immediately upon receipt of this writ, to grant

13  Petitioner [David Dutcher] the right to withdraw his plea of 'No Contest' or 'Guilty'; dismiss the

14  charges against him; declare him factually innocent; and order the sealing and destruction of his

15  record of arrest...."

16       52.    On March 28, 2012, the Contra Costa County Superior Court adjudicated that

17  Plaintiff was factually innocent of driving with a blood alcohol concentration of .08 or greater,

18  pursuant to California Vehicle Code Section 23152(b), at the time of from his December 12,

19  2008 arrest.

20            **H.**     **Attorney Nolan and Ms. Dutcher Blame Private Investigator Butler**

21                   **and Ms. Serratore for the Dirty DUI**

22       53.    On June 13, 2011, Attorney Nolan filed a declaration in Ms. Dutcher's divorce

23  proceedings with Plaintiff, entitled "Petitioner Susan Dutcher v. Respondent David Dutcher",

24  Contra Costa County Superior Case Number D08-04232, that provided in pertinent part:

25           I had only limited, indirect contact with Christopher Butler; these

26           contacts were always through Tammy Serratore, my former paralegal. I

27           have referred a very minimal amount of work to him – including two asset

28           searches (one in 2006 and one in 2007) and surveillance of an individual

1    claiming not to be working. I have never referred any client or person to

2    him for evidence of infidelity.

3         …

4         I was out of the office the last part of November 2008 and on

5    vacation the first part of December 2008; because of this, I was unaware

6    that Susan Dutcher was referred to Mr. Butler. I did not become aware of

7    this referral until after Ms. Butler's arrest and a reporter's e-mail to me.

8    Additionally, I have no knowledge of the DVD Mr. Butler makes reference

9    to. I have never seen or heard about it. If one does exist, then Tammy

10   Serratore did not disclose that information to me or Susan Dutcher. Neither

11   Ms. Dutcher nor I had any idea Ms. Serratore was with Mr. Butler on the

12   night of the arrest until Mr. Butler's statement to the DA.

13        In my opinion, Mr. Butler took advantage of Ms. Dutcher. When

14   they met, Ms. Dutcher was a distressed, anxious, and abused woman. She

15   was very concerned about David Dutcher's character and propensity

16   towards various addictions. I believe Mr. Butler presented the "sting

17   operation" as the only way for her to protect her children.…

18   54.    On June 10, 2011, Ms. Dutcher filed a declaration in her divorce proceedings with

19   Plaintiff, entitled "Petitioner Susan Dutcher v. Respondent David Dutcher", Contra Costa County

20   Superior Case Number D08-04232, that provided in pertinent part:

21        I expressed my concerns about Mr. Dutcher's drinking and driving

22   to Mary Nolan's paralegal Ms. Mercado (a.k.a. Tammy Serratore) She said

23   that we could easily get proof of this through use of a Private Investigator.

24   She told me that they had used Private Investigators in the past to prove that

25   ex-spouses were drinking and driving.…

26        I contacted Christopher Butler and set up a meeting with him in his

27   office. The meeting was sometime in late November 2008; present at that

28   meeting were Mr. Butler and his female associate, Sharon Taylor. At this

meeting I informed Mr. Butler that I wanted proof that Mr. Dutcher was drinking and driving....

...

I now believe that Mr. Butler and Ms. Mercado (a.k.a. Tammy Serratore) took advantage of my emotional state and my serious concern about our children to make money....

Everything was decided and agreed upon with Mr. Butler during my initial meeting.... During this meeting Mr. Butler did inform me he required a $2,500 retainer for his services; I came to his office and paid that amount, in cash, on December 3, 2008....

...

While I do regret my involvement in this situation, I also believe that I was a victim of Mr. Butler and Ms. Mercado (a.k.a. Tammy Serratore), just like Ms. Nolan was victimized by these people.

## IV.   STATEMENT OF DAMAGES

55.   As a result of the acts and/or omissions of Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, Plaintiff incurred expenses relating to defending against the Dirty DUI in criminal court, including attorneys' fees and costs, in amounts to be determined according to proof.

56.   As a result of the acts and/or omissions of Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, Plaintiff incurred expenses relating to defending against the Dirty DUI before the Department of Motor Vehicles, including attorneys' fees and costs, in amounts to be determined according to proof.

57.   As a result of the acts and/or omissions of Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, Plaintiff incurred expenses relating to defending

1    against the divorce proceedings with Ms. Dutcher and related child custody issues, including
2    attorneys' fees and costs, in amounts to be determined according to proof.

3    58.    As a result of the acts and/or omissions of Defendants Ms. Dutcher, Attorney
4    Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and
5    Does One through Fifty, and each of them, Plaintiff suffered injury to his reputation in the
6    community.

7    59.    As a result of the acts and/or omissions of Defendants Ms. Dutcher, Attorney
8    Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and
9    Does One through Fifty, and each of them, Plaintiff suffered lost employment opportunities.

10   60.    As a result of the acts and/or omissions of Defendants Ms. Dutcher, Attorney
11   Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and
12   Does One through Fifty, and each of them, Plaintiff's employment compensation was reduced
13   and/or impaired.

14   61.    As a result of the acts and/or omissions of Defendants Ms. Dutcher, Attorney
15   Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and
16   Does One through Fifty, and each of them, Plaintiff suffered emotional distress including
17   suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and
18   shame, in amounts to be determined according to proof.

19   62.    As set forth above, the acts and/or omissions of Defendants Ms. Dutcher,
20   Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer
21   Lawson and Does One through Fifty, and each of them, were willful, wanton, reckless,
22   malicious, oppressive and/or done with a conscious or reckless disregard for the constitutional
23   rights and state law rights of Plaintiff. Plaintiff therefore will seek an award of punitive and
24   exemplary damages, against Defendants Ms. Dutcher, Attorney Nolan, Private Investigator
25   Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty,
26   and each of them, in amounts to be determined according to proof.

27   63.    Plaintiff retained private counsel to represent him in this matter and is entitled to
28   an award of attorneys' fees, pursuant to 42 U.S.C. Section 1988.

## V.     PLAINTIFFS' CLAIMS

64.     All claims for relief set forth below incorporate all of the facts set forth above.

### FIRST CLAIM FOR RELIEF

### Malicious Prosecution

### 42 U.S.C. § 1983 – Violation of the Fourth Amendment to the U.S. Constitution

### (Officer Lawson)

65.     The above-described Dirty DUI arrest of Plaintiff by Officer Lawson and resulting prosecution of Plaintiff for driving under the influence of an alcoholic beverage was the result of malice and without probable cause by Officer Lawson, was not privileged in any way or protected by qualified immunity, and was in violation of the Fourth Amendment.

66.     The above-described Dirty DUI arrest of Plaintiff by Officer Lawson and resulting prosecution of Plaintiff for driving under the influence of an alcoholic beverage did *not* result from the exercise of prosecutorial independence because Officer Lawson (1) improperly exerted pressure on the prosecutor; (2) knowingly provided misinformation to the prosecutor; (3) concealed exculpatory evidence; and/or (4) otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings against Plaintiff in violation of the Fourth Amendment.

67.     Plaintiff is entitled to judgment against Officer Lawson who arrested Plaintiff and/or aided in the Dirty DUI arrest of Plaintiff and caused the resulting prosecution of Plaintiff for driving under the influence of an alcoholic beverage.

### Conspiracy to Commit Malicious Prosecution

### 42 U.S.C. § 1983 – Violation of the Fourth Amendment to the U.S. Constitution

### (Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor,

### Ms. Wallace, Ms. Serratore, Officer Lawson and Does One to Fifty)

68.     The above-described Dirty DUI arrest of Plaintiff by Officer Lawson and resulting prosecution of Plaintiff for driving under the influence of an alcoholic beverage was the result of a conspiracy to deprive Plaintiff of his constitutional rights by means of a scheme to entrap him to be arrested for driving under the influence of an alcoholic beverage and have

1  Plaintiff prosecuted for driving under the influence of an alcoholic beverage. Defendants Ms.

2  Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore,

3  Officer Lawson and Does One through Fifty, and each of them, agreed with each other to

4  accomplish the Dirty DUI arrest of Plaintiff in violation of his Fourth Amendment rights.

### THIRD CLAIM FOR RELIEF

### Bad Faith Arrest

### 42 U.S.C. § 1983 – Violation of the Fourth Amendment to the U.S. Constitution

### (Officer Lawson)

9       69.    The above-described Dirty DUI arrest of Plaintiff by Officer Lawson was the

10  result of entrapment, without purpose or justification in law, lacked probable cause, was

11  objectively unreasonable, was unnecessary, was not privileged in any way or protected by

12  qualified immunity, and was in violation of the Fourth Amendment.

13       70.    Plaintiff is entitled to judgment against Officer Lawson who arrested Plaintiff or

14  aided in the Dirty DUI arrest of Plaintiff.

### FOURTH CLAIM FOR RELIEF

### Conspiracy to Commit Bad Faith Arrest

### 42 U.S.C. § 1983 – Violation of the Fourth Amendment to the U.S. Constitution

### (Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms.

### Wallace, Ms. Serratore, Officer Lawson and Does One to Fifty)

20       71.    The above-described Dirty DUI arrest of Plaintiff by Officer Lawson was the

21  result of a conspiracy to deprive Plaintiff of his constitutional rights by means of a scheme to

22  entrap him to be arrested for driving under the influence of an alcoholic beverage. Defendants

23  Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms.

24  Serratore, Officer Lawson and Does One through Fifty, and each of them, agreed with each other

25  to accomplish the Dirty DUI arrest of Plaintiff in violation of his Fourth Amendment rights.

26  / / /

27  / / /

28  / / /

## FIFTH CLAIM FOR RELIEF

### Egregious Official Conduct Intended to Injure Unjustified by Any Government Interest

### 42 U.S.C. § 1983 – Violation of the Fourteenth Amendment to the U.S. Constitution

### (Officer Lawson)

72.     The above-described Dirty DUI arrest of Plaintiff by Officer Lawson was the result of entrapment, without purpose or justification in law, was subjectively unreasonable, was unnecessary, was not privileged in any way or protected by qualified immunity, and was in violation of the Fourteenth Amendment. "Entrapment is indistinguishable from other law enforcement practices which the courts have held to violate due process. Entrapment is an affront to the basic concepts of justice. Where it exists, law enforcement techniques become contrary to the established law of the land as an impairment to due process." *Baker v. McCollan*, 443 U.S. 137 142-143 (1979). The actions and behavior of Officer Lawson in entrapping Plaintiff via a Dirty DUI arrest constituted abuses of power, which "shock the conscience", in violation of the Fourteenth Amendment.

## SIXTH CLAIM FOR RELIEF

### Conspiracy to Commit Egregious Official Conduct Intended to

### Injure Was Unjustified by Any Government Interest

### 42 U.S.C. § 1983 – Violation of the Fourteenth Amendment to the U.S. Constitution

### (Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One to Fifty)

73.     The above-described Dirty DUI arrest of Plaintiff by Officer Lawson was the result of a conspiracy to deprive Plaintiff of his constitutional rights by means of a scheme to entrap him to be arrested for driving under the influence of an alcoholic beverage. Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, agreed with each other to accomplish the Dirty DUI arrest of Plaintiff in violation of his Fourteenth Amendment rights.

/ / /

/ / /

## SEVENTH CLAIM FOR RELIEF

### Negligence

**(Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One to Fifty)**

74.     Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, owed Plaintiff a duty to use reasonable care in order to prevent harm to Plaintiff.

75.     Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, were negligent in that they failed to use reasonable care in order to prevent harm to Plaintiff.

76.     Plaintiff suffered harm as a result of the negligent conduct of Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, including serious emotional distress.

77.     The negligent conduct of Defendants Ms. Dutcher, Attorney Nolan, Private Investigator Butler, Ms. Taylor, Ms. Wallace, Ms. Serratore, Officer Lawson and Does One through Fifty, and each of them, was a substantial factor in causing Plaintiff's harm.

### PRAYER

1.     For compensatory damages and other special damages according to proof;

2.     For general damages according to proof;

3.     For punitive damages against all individual defendants according to proof;

4.     For prejudgment interest at the legal rate according to proof;

5.     For costs and attorney's fees; and

/ / /

/ / /

/ / /

6.    For such other relief as the Court may deem proper.

Dated: April 20, 2012

GEARINGER LAW GROUP

By: _____

BRIAN GEARINGER
R. STEPHEN M. LAROE
Attorneys for Plaintiff DAVID DUTCHER

**JURY TRIAL DEMANDED**

Plaintiff David Dutcher demands a trial by jury in this action.

Dated: April 20, 2012

GEARINGER LAW GROUP

By: _____
BRIAN GEARINGER
R. STEPHEN M. LAROE
Attorneys for Plaintiff DAVID DUTCHER

# EXHIBIT A



## Concord Police Department
1350 Galindo Street, Concord, California 94520
(925) 671-3005 (925) 671-2261 Fax

City Council
William D. Shinn, Mayor
Helen M. Allen, Vice Mayor
Guy S. Bjerke
Laura M. Hoffmeister
Mark A. Peterson

Mary Rae Lehman, City Clerk
Thomas J. Wentling, City Treasurer

Edward R. James, Interim City Manager

Mary Nolan, Esq.
Law Office of Mary Nolan
2355 San Ramon Valley Blvd, Suite 105
San Ramon, CA 94583

February 4, 2009

Dear Ms. Nolan,

I am writing in regards to a subpoena my office received on January 21, 2009, then again on February 4, 2009. The subpoena is asking for the production of records in regards to our case number 08-27459. Your client in this cases appears to be Susan Dutcher.

This case is a current, active investigation at our office, we are currently waiting for the District Attorney to review the case and determine if criminal charges will be filed or not. Therefore, at this time, I can not release any information.

Also, your faxed subpoena did not include the proof of service to the other party involved in this case. All that it included was the subpoena and the declaration. This needs to be provided in the future in order to get any documents produced.

Please feel free to contact me if you have any questions or if I be of any help.

Sincerely,

Joseph L. Surges
Records Manager

Exhibit B

David O. Livingston • Chief of Police