United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DUTCHER,<br><br>   Plaintiff,<br><br> v.<br><br>DON LAWSON, et al.,<br><br>   Defendants. | No. C 12-01981 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT** |

  Defendant Don Lawson moves for summary judgment in this "Dirty DUI" case. See MSJ (dkt. 107). The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for September 30, 2016, and GRANTS IN PART and DENIES IN PART Lawson's motion.

  Importantly, Plaintiff David Dutcher asserts in his Opposition brief that he "voluntarily dismisses" his "Fourth Amendment claim," conceding that Lawson had probable cause to arrest him. See Opp'n (dkt. 110) at 6. The Court agrees that there was probable cause here. "[E]ven accepting [Dutcher's] version of events, [Lawson's] actions do not violate the Fourth Amendment under current Ninth Circuit law." See Aksu v. Cnty. of Contra Costa, Nos. 12-4268 CRB, 11-5771 CRB, 2015 WL 4623556, at *3 (N.D. Cal. July 31, 2015). Upon review of the Amended Complaint, however, the Court observes that Dutcher has not pled a standalone "Fourth Amendment claim." Rather, he pled a malicious

prosecution claim (the First Claim for Relief) and a related conspiracy claim (the Second Claim for Relief), as well as a bad faith arrest claim (the Third Claim for Relief) and a related conspiracy claim (the Fourth Claim for Relief), all premised on a violation of the Fourth Amendment. See FAC (dkt. 8) ¶¶ 67–73; see also Reply (dkt. 113) at 2 ("Plaintiff brought no independent claim alleging a violation of the 'Fourth Amendment.'").

Accordingly, the Court GRANTS Lawson's motion as to the bad faith arrest claim brought under 42 U.S.C. § 1983 and based on the Fourth Amendment.[1] An arrest made with probable cause generally defeats a claim of bad faith arrest. See Bauldry v. Cnty. of Contra Costa, No. 12-3943 CRB, 2013 WL 1747906, at *9 (N.D. Cal. April 23, 2013) (citing Baker v. McCollen, 443 U.S. 137, 143–45 (1979), Bretz v. Kelman. 773 F.2d 1026, 1031 (9th Cir. 1985), Guenther v. Holmgreen, 738 F.2d 879, 883 (7th Cir. 1984)). Dutcher argues that "a successful showing of entrapment negates probable cause," Opp'n at 6, but this Court has previously rejected that argument, finding that "Courts within the Ninth Circuit have declined to decide the issue of how entrapment affects probable cause," and that "[u]ntil and unless the Ninth Circuit holds that entrapment negates probable cause, this Court's hands are tied," see Aksu v. Cnty. of Contra Costa, Nos. 12-4268 CRB, 11-5771 CRB, 2015 WL 1906206, at *6 (N.D. Cal. April 27, 2015) (citing United States v. Marin, 138 F. App'x 945, 946 (9th Cir. 2005); Beauregard v. Wingard, 362 F.2d 901, 904 (9th Cir. 1966); Rolon v. Los Angeles Cnty., No. 07-5231-PA(AGR), 2008 WL 4960442, at *5 n.5 (C.D. Cal. Nov. 20, 2008) aff'd, 358 F. App'x 898 (9th Cir. 2009)).[2] Even assuming entrapment could negate

---

[1] The Opposition brief refers to a "Due Process claim for unlawful arrest pursuant to the Fourth and Fourteenth Amendments," Opp'n at 6, but the Amended Complaint cites only the Fourth Amendment, see FAC (dkt. 8) ¶¶ 71–72.

[2] The Court also noted that "Other circuits have more squarely addressed this issue. See, e.g., Pinter v. City of New York, 448 F. App'x 99, n.6 105 (2d Cir. 2011) (quoting DiBlasio v. City of New York, 102 F.3d 654, 656–57 (2d Cir. 1996) ('While entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not constitute a constitutional violation.') (quotation marks omitted); Jackson v. Capraun, No. 09-1737, 2011 WL 4344589, at *4 (M.D. Fla. Sept. 15, 2011) aff'd, 534 F. App'x 854 (11th Cir. 2013) ('claim of entrapment is not sufficient to support section 1983 liability or to negate probable cause'); Fridley v. Horrighs, 291 F.3d 867, 873 (6th Cir. 2002) ('a police officer is not required to inquire into the facts and circumstances in an effort to discover if the suspect has an affirmative defense'—rather, 'if a reasonable officer would not 'conclusively know' that the suspect is protected by the defense, then he is free to arrest the suspect provided there

1  probable cause, Dutcher has not met the standard he articulates of "point[ing] to undisputed
2  evidence making it patently clear that an otherwise innocent person was induced to commit
3  the illegal act by trickery, persuasion, or fraud of a government agent." See Opp'n at 8
4  (citing United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 821 (9th Cir. 1985); Sherman v.
5  United States, 356 U.S. 369, 373–76 (1958)).

The Court also GRANTS Lawson's motion as to the malicious prosecution claim brought under 42 U.S.C. § 1983 and based on the Fourth Amendment.[3]  A claim for malicious prosecution requires a showing that the plaintiff was prosecuted (1) with malice; (2) without probable cause; and (3) for the purpose of denying plaintiff a specific constitutional right.  See Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). Dutcher's concession that there was probable cause—and not merely a prima facie showing of probable cause, see Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004)—means that he cannot prove an essential element of his malicious prosecution claim.

The Court also GRANTS Lawson's motion as to the conspiracy claims relating to the bad faith arrest claim and the malicious prosecution claim.[4]  "To sustain a claim of civil conspiracy, [a plaintiff] must prove that the [defendants] have committed an underlying tort." Sprewell v. Golden State Warriors, 266 F.3d 979, 992 (9th Cir. 2001).  Because the Court grants the motion as to the bad faith arrest claim and the malicious prosecution claim, there is no underlying tort supporting the conspiracy claims.

The Court DENIES Lawson's motion as to the Fourteenth Amendment claim. Although Lawson argues that this case is different from the Aksu v. County of Contra Costa, 12-4268 CRB and Katz v. County of Contra Costa, 11-5771 CRB cases because, unlike the officer involved in those cases, he "was in no way connected to any scheme [set up] by

---

is probable cause to do so. . . .')." Id.

[3] It is not clear that Dutcher even opposes summary judgment on this claim.  While he contends that his "bad faith arrest and entrapment claims" should survive despite his concession about probable cause, he does not address his malicious prosecution claim anywhere in his Opposition brief.  See Opp'n at 6.  Moreover, there is no standalone "entrapment claim" in the FAC.  See generally FAC.

[4] Again, it is unclear whether Dutcher even opposes summary judgment on these claims.  He does not discuss them in his Opposition brief.

3

[private investigator] Butler and his associates," see MSJ at 2, the Court concludes that there is a genuine dispute of material fact as to that contention, and therefore as to whether Lawson engaged in conduct that "shocks the conscience" in violation of the Fourteenth Amendment.

The Court also DENIES Lawson's motion as to Conspiracy to Commit Egregious Official Conduct Intended to Injure, brought under 42 U.S.C. § 1983 and based on the Fourteenth Amendment, finding that, as with the Fourteenth Amendment claim itself, there is a genuine dispute of material fact on this point.

Finally, the Court DENIES Lawson's motion as to the Negligence claim. The Court concludes that there is a genuine dispute of material fact as to whether Lawson "acted unreasonably and that the unreasonable behavior harmed" Dutcher. See Price v. Cnty. of San Diego, 990 F. Supp. 1230, 1245 (S.D. Cal. 1998).

**IT IS SO ORDERED.**

Dated: September 19, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE